**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

v.

**GEORGE L. ALLEN, Defendant**

Criminal No. 29-1964

District Court of the Virgin Islands

Div. of St. Croix
Christiansted Jurisdiction

February 15, 1966

*See, also, 251 F.Supp. 479*

ALMERIC L. CHRISTIAN, ESQ., U.S. Attorney, St. Thomas, Virgin Islands, *attorney for Government*

MAAS and IRELAND (THOMAS D. IRELAND, ESQ., of counsel), St. Thomas, Virgin Islands, *attorney for defendant*

GORDON, *District Judge*

## MEMORANDUM OPINION

■ This criminal action is one in which the defendant is charged in a three count information with the willful failure to file income tax returns for the years 1961, 1962, and 1963 in violation of 33 V.I.C. § 1524. The provisions of this statute are as follows:

"Whoever, being required by the internal revenue laws of the Virgin Islands to pay any tax, or required by this subtitle or the regulations issued under authority thereof, or by the Virgin Islands income tax law or the regulations issued under authority thereof, to make a return, keep any records, or supply any information, *willfully fails to* pay such tax, *make such return,* keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be fined not more than $10,000 or imprisoned not more than 1 year, or both, together with the costs of prosecution." (Emphasis supplied.)

The defendant conceded at the time of trial that: he had not filed his income tax return for the years 1961, 1962, 1963 when they were due; he had made more than $600 in each of those calendar years; and that monies were due and owing. Thus the very narrow and essential question which the Court must determine beyond a reasonable doubt is whether the actions of the defendant showed that his failure to file the income tax returns was willful.

■ Section 1524 of Title 33 V.I.C. is principally taken from the Federal Internal Revenue Code § 7203. Thus, those federal court cases which have dealt with the construction of the word "willful" would be most helpful in

determining the narrow question which is presently before the Court.

In United States v. Palermo (C.C.A.3d) 259 F.2d 872, 882, Circuit Judge Kalodner set forth a definition of "willfulness" in a situation which, although not completely analogous, involved a *willful failure* to make timely payment of federal income tax.

"Willfulness is an essential element of the crime proscribed by § 145(a). It requires existence of a specific wrongful intent—an evil motive—at the time the crime charged was committed; viz., failure to pay the tax due at the time required by law. A series of defaults, indicating a pattern of behavior, knowingly and intentionally made, may suggest the existence of the specific "evil motive". Mere laxity, careless disregard of the duty imposed by law, or even gross negligence, unattended by "evil motive" are not probative of "willfulness".

■ Having found that all the other essential elements of the crime are present, the Court must now find beyond a reasonable doubt that the failure of the defendant to file his income tax returns was done with a bad purpose and without justifiable excuse. U.S. v. Murdock, 290 U.S. 389.

■ The evidence showed that there was an involuntary bankruptcy proceeding initiated against the defendant in 1961. (Bankruptcy No. 4-1961). In settling his affairs, the defendant's records were given to his accountants, who were to file his income tax returns for the year 1961. He assumed that they would file the returns for 1961. The return for 1961 was never filed by the accountants. During the years 1962, 1963, and 1964 the defendant tried to obtain possession of his records from his accountants. He was given various excuses by the accountants such as they were working on the books, they couldn't find the books, or the defendant had already picked up the books. Finally, on December 5, 1964, the defendant obtained his records from the accountants upon paying them $200.00 in settlement of his account. Immediately upon receipt of his rec-

ords, the defendant turned over the records to a certified public accountant to prepare his income tax returns. He was advised that the records were in such a state of disorder that it was necessary to have a bookkeeper straighten them out. Over a year later when the books and records had been placed in proper order, the defendant, through his accountant, caused to be filed on January 18, 1966, the tax returns for the years 1961, 1962, and 1963.

Additionally, the defendant had been in contact with the Department of Finance periodically with regard to his failure to file his income tax return. The defendant several times requested extensions of time within which to file his income tax returns.

Taking into account all of the evidence adduced at the trial, the Court has substantial doubt that the actions of the defendant were willful, that is to say, done with a bad purpose and without justifiable excuse. The actions of the defendant showed that he was grossly negligent in not obtaining his records more expeditiously. However, the defendant is not charged with gross neglect, but with the willful failure to file income tax returns. United States v. Palermo, supra.

Having made the above determination, the Court is compelled to find the defendant not guilty of each of the charges.